UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Eric Mitchell, on behalf of himself and other others similarly situated, | Civil No. 05-1320 (PAM/RLE) |
| Plaintiff, v. | **MEMORANDUM AND ORDER** |
| Franklin Bank, S.S.B., | |
| Defendant. | |

This matter is before the Court on Defendant's Motion to Dismiss. For the following reasons, the Motion is granted in part and denied in part.

**BACKGROUND**

Defendant Franklin Bank, S.S.B., is a mortgage lender incorporated in Texas that conducts business in over fifty branches in twenty states. Defendant employs local branch managers to manage and operate local branches. Branch managers and Defendant are governed by the "Branch Manager Offer of Employment and Compensation Memorandum" ("Memorandum").

Plaintiff Erik Mitchell signed the Memorandum when he began his employment with Defendant in Edina, Minnesota, in April 2003. Plaintiff alleges that he made advance payments of branch office operating expenses out of his personal accounts, and submitted such expenses for reimbursement as permitted by the Memorandum. However, Plaintiff alleges that Defendant refused his reimbursement requests.

Plaintiff seeks to recover the operating expenses that he has allegedly advanced, and

further purports to represent a class of similarly situated persons nationwide who worked as Branch Managers for Defendant. The Amended Complaint states four causes of action: Count I, breach of contract; Count II, intentional and negligent misrepresentation; Count III, money had and received; and Count IV, unjust enrichment. Defendant brings this Motion on all of Plaintiff's claims.

**DISCUSSION**

**A.   Standard of Review**

For the purposes of the Motion to Dismiss, the Court takes all facts alleged in the Complaint as true. Westcott v. Omaha, 901 F.2d 1486, 1488 (8th Cir. 1990). The Court must construe the allegations in the Complaint and reasonable inferences arising from the Complaint favorably to Plaintiff. Morton v. Becker, 793 F.2d 185, 187 (8th Cir. 1986). A motion to dismiss will be granted only if "it appears beyond doubt that the Plaintiff can prove no set of facts which would entitle him to relief." Id.; see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957).

**B.   Count I: Breach of Contract**

Defendant contends that this claim must be dismissed because it fails to itemize Plaintiff's alleged damages or explain how Defendant breached the contract. The Amended Complaint seeks recovery of branch operating expenses advanced by Plaintiff that Defendant was obligated to pay both under the terms of the Memorandum and the requirements of federal law. In particular, Plaintiff alleges that "[t]hese expenses include, but are not limited to, all operating expenses, all lease or sublease payments or expenses, all office supply expenses, all

marketing and promotional expenses, and all other costs, expenses, and charges attributable to, generated by or otherwise properly allocable to the Branch Office." (Am. Compl. ¶ 13) (internal quotations omitted). Although the Amended Complaint does not identify a specific loss amount, it does allege that Plaintiff seeks damages in an amount to be determined at trial. Moreover, the Amended Complaint sufficiently identifies Defendant's alleged failures under the terms of the Memorandum. Plaintiff has sufficiently stated a claim for breach of contract, and Defendant's Motion on Count I is denied.

### C.     Count II: Intentional Negligent and Misrepresentation

#### 1.     Intentional Misrepresentation

Defendant contends that the Amended Complaint may not contain both a claim for breach of contract and a claim for intentional misrepresentation because the damages that Plaintiff seeks are identical. Plaintiff alleges that Defendant fraudulently induced him to enter the Memorandum. He contends that Defendant falsely represented that it would comply with the terms of the Memorandum, but that it had no present intention to do so. (Am. Compl. ¶ 60.) Indeed, these allegations state a claim for fraudulent inducement. See Bakke v. Keller, 19 N.W.2d 803, 809 (Minn. 1945); see also Vandeputte v. Soderholm, 216 N.W.2d 144, 147 (Minn. 1974) (discussing intentional misrepresentation of present intention, which requires plaintiff to prove that promisor had no intention to perform at the time the promise was made).

Minnesota law permits a party to recover under both a breach of contract and fraud theory in an employment context. See Hanks v. Hubbard Broad., Inc., 493 N.W.2d 302, 308 (Minn. Ct. App. 1992). However, "[t]he breach of an employment contract does not give rise

to a tort claim where the breach of duty is indistinguishable from the breach of contract." Id. (internal quotations omitted). In order to recover under both theories, Plaintiff bears the burden to prove separate damages for fraud and for breach, to avoid double recovery. Id.; see also Wirig v. Kinney Shoe Corp., 461 N.W.2d 374, 379 (Minn. 1990) (although parallel actions may be maintained for the same harm, double recovery is not permitted).

The Court finds Defendant's argument premature. Plaintiff has properly pled both a breach of contract and an intentional misrepresentation claim. Although Plaintiff is not entitled to double recovery, Plaintiff is entitled to maintain parallel actions for the same harm. In order for Plaintiff to recover under both causes of action, Plaintiff bears the burden to prove separate damages. However, Plaintiff is not required to prove separate damages at this early stage of the litigation. Moreover, construing the Amended Complaint broadly, Plaintiff alleges that he previously worked for another lending institution in another state, but that he took the job with Defendant based on its fraudulent representations. (See Am. Compl. ¶ 28.) Thus, any damages related to these allegations are distinct and separate from the alleged breach of contract damages. For clarification, the Court will permit Plaintiff to amend his intentional misrepresentation claim within twenty days of this Order, to include a claim for these reliance damages and any other damages which may be separate and distinct from the breach of contract damages. Therefore, Defendant's Motion on this point is denied.

2. Negligent Misrepresentation

Defendant contends that Plaintiff's negligent misrepresentation claim must be dismissed because the Amended Complaint fails to allege any false representation of past or

4

present fact. Plaintiff contends that this claim is presented as an alternative claim to intentional misrepresentation.

Plaintiff's negligent misrepresentation claim fails as a matter of law. Negligent misrepresentation occurs when:

> One who, in the course of his business, profession or employment, or in a transaction in which he has a pecuniary interest, supplies false information for the guidance of others in their business transactions, is subject to liability for pecuniary loss caused to them by their justifiable reliance upon the information, if he fails to exercise reasonable care or competence in obtaining or communicating the information.

Colangelo v. Norwest Mortgage, Inc., 598 N.W.2d 14, 19 (Minn. Ct. App. 1999) (quoting Bonhiver v. Graff, 248 N.W.2d 291, 298 (Minn. 1976)). Unlike intentional misrepresentation, negligent misrepresentation does not require proof of fraudulent intent. Florenzano v. Olson, 387 N.W.2d 168, 173-74 (Minn. 1986). Here, Plaintiff alleges that Defendant made negligent representations about its intent to follow federal law and to pay branch operating expenses. (See Am. Compl. ¶¶ 23-30.) These allegations do not allege that Defendant failed to take care in obtaining or communicating information, but rather allege that Defendant made misrepresentations about its intent to perform in the future. Although a cause of action for intentional misrepresentation of present intention may lie, a claim for negligent misrepresentation with the same premise cannot. Indeed, it is not possible to be negligent in failing to ascertain the truth or falsity of one's present intention to act in the future. See Clearly Canadian Beverage Corp. v. Am. Winery, Inc., 257 F.3d 880, 893 (8th Cir. 2001) (discussing negligent misrepresentation of present intention under Missouri law); see also

Eckhold v. Am. Bus. Info., Inc., 873 F. Supp. 521, 532 (D. Kan. 1994) ("defendants either intended to carry out their promises, or they did not. To recognize a claim for negligent promise . . . would be to endow every breach of contract with a potential tort claim for negligent promise.") Thus, Plaintiff's negligent misrepresentation claim must be dismissed.

**D.      Counts III and IV: Money Had and Received and Unjust Enrichment**

Defendant contends that these claims must be dismissed. Indeed, equitable claims may not be sustained where the parties' rights are governed by a valid contract. See U. S. Fire Ins. Co. v. Minn. State Zoological Bd., 307 N.W.2d 490, 497 (Minn. 1981). Plaintiff alleges the existence of a valid express contract. However, Defendant has not yet answered the Amended Complaint and therefore has not admitted or denied any of the allegations, including the existence of a valid contract. Thus, although the validity of the contract does not appear to be in dispute, Plaintiff has attempted to plead alternative theories as a cautionary measure. Plaintiff acknowledges that he has not properly pled these claims as alternative theories and requests the opportunity to formally amend the Amended Complaint to plead these equitable claims as alternative claims. Accordingly, the Court grants Plaintiff's request and orders Plaintiff to file a Second Amended Complaint within twenty days of this Order.

**CONCLUSION**

The Court finds that Plaintiff's Complaint sufficiently states a claim for breach of contract and intentional misrepresentation, but Plaintiff's negligent misrepresentation claim fails as a matter of law. Further, the Court grants Plaintiff leave to amend the Amended Complaint within twenty days as stated in this Order. Based on all the files, records, and

proceedings herein, **IT IS HEREBY ORDERED** that:

1. Defendant's Motion to Dismiss (Clerk Doc. No. 3) is **DENIED in part and GRANTED in part**;

2. Plaintiff's claim for negligent misrepresentation is **DISMISSED with prejudice**; and

3. Within twenty days, Plaintiff may **AMEND** Count II, intentional misrepresentation, and Counts III and IV, as stated in this Order.


Dated: September 29, 2005

                                                s/ Paul A. Magnuson
                                                Paul A. Magnuson
                                                United States District Court Judge