UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

Eric Mitchell, on behalf of himself and                     Civil No. 05-1320 (PAM/RLE)
all others similarly situated,

                                        Plaintiff,

v.                                                          **MEMORANDUM AND ORDER**

Franklin Bank, S.S.B.,

                                        Defendant.

_____

This matter is before the Court on Defendant's Motion for Judgment on the Pleadings to dismiss Counts III and IV of the Second Amended Complaint and Motion to Strike Class Allegations.   For the following reasons, the Court grants the Motion for Judgment on the Pleadings but denies the Motion to Strike.

## BACKGROUND

Franklin Bank is a mortgage lender incorporated in Texas that conducts business in over fifty branches in twenty states.   It employs managers to oversee and operate local branches. Branch managers and Franklin Bank are governed by the "Branch Manager Offer of Employment and Compensation Memorandum" ("Memorandum").

Erik Mitchell signed the Memorandum when he began his employment with Franklin Bank in Edina, Minnesota, in April 2003.   Mitchell alleges that he advanced payments of branch office operating expenses out of his personal accounts and submitted such expenses for reimbursement as permitted by the Memorandum.   However, Franklin allegedly Bank refused his reimbursement requests.   Mitchell seeks to recover the operating expenses that he

allegedly advanced, and further purports to represent a nationwide class of similarly situated persons.

On July 12, 2005, Franklin Bank filed a Motion to Dismiss the first Amended Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  The Court denied the Motion as it related to the equitable claims of unjust enrichment and money had and received.  The Court recognized that Mitchell pled the equitable claims as alternative theories to the breach of contract claim.  Because Franklin Bank had yet to file its Answer and therefore had neither admitted nor denied the existence of a valid contract claim, the Court did not dismiss the equitable claims and gave Mitchell an opportunity to amend to properly plead the alternative theories.

Mitchell filed a Second Amended Complaint on October 18, 2005.  The Second Amended Complaint states four causes of action: breach of contract, intentional misrepresentation, money had and received, and unjust enrichment.  The equitable claims are in the alternative to Mitchell's primary claim for breach of contract.  Mitchell seeks to represent a putative class for the breach of contract and equitable claims. The class which he seeks to represent includes all persons nationwide who entered into a contract, which is the same or substantially similar to the Memorandum, to work as a Franklin Bank branch manager, and who paid any branch office operating expenses from a personal or non-Franklin Bank account.

On November 1, 2005, Defendant answered the Second Amended Complaint and filed counterclaims against Mitchell.  In its Answer, Franklin Bank acknowledged the existence of

a valid contract.

On January 9, 2006, Magistrate Judge Mayeron allowed Mitchell until June 15, 2006, to conduct discovery relating to class certification issues and to file a motion for class certification. Mitchell has noticed four depositions relating to the class certification issue, but none have yet occurred. The parties have exchanged some written discovery on the certification issue.

**DISCUSSION**

**A.      Motion for Judgment on the Pleadings**

Franklin Bank moves to dismiss the equitable claims based on the allegations set forth in the pleadings. When evaluating a motion for judgment on the pleadings, the Court "must accept as true all factual allegations set out in the complaint, and must construe the complaint in the light most favorable to the plaintiff, drawing all inferences in his favor." Wishnatsky v. Rovner, 433 F.3d 608, 610 (8th Cir. 2006) (citing Waldron v. Boeing Co., 388 F.3d 591, 593 (8th Cir. 2004)). "Judgment on the pleadings is appropriate only when there is no dispute as to any material facts and the moving party is entitled to judgment as a matter of law." Id.

Franklin Bank argues that the equitable claims are not viable because it has admitted that a valid, express contract existed between Franklin Bank and Mitchell. "Equitable relief cannot be granted where the rights of the parties are governed by a valid contract." In re Air Transp. Excise Tax Litig., 37 F. Supp. 2d 1133, 1143 (D. Minn. 1999) (citing U.S. Fire Ins. Co. v. Minn. State Zoological Bd., 307 N.W.2d 490, 497 (Minn. 1981)). Thus, where the rights of the parties are governed by a valid contract, a claim for unjust enrichment must fail. N.W.

Airlines, Inc. v. Astraea Aviation Servs., Inc., 111 F.3d 1386, 1392 n.4 (8th Cir. 1997) (citing Sharp v. Laubersheimer, 347 N.W.2d 268, 271 (Minn. 1984)); Colangelo v. Norwest Mortg., Inc., 598 N.W.2d 14, 19 (Minn. Ct. App. 1999).  "Similarly, redress cannot be predicated on the equitable doctrine of money had and received where the rights of the parties are governed by a valid contract."  Colangelo, 598 N.W.2d at 19 (citing Renn v. Wendt, 241 N.W. 581, 582 (Minn. 1932)).

In its Answer to the Second Amended Complaint, Franklin Bank admits that it had a valid, express contract with Mitchell.  (Answer to Second Am. Compl. ¶¶ 48, 69, 75.)  Because Mitchell's equitable claims concern the same subject matter raised in his contract claim, the equitable claims must be dismissed.

Mitchell does not contest that his equitable claims now fail.  Instead, he argues that the equitable claims of the class members are viable.  Noting that Franklin Bank denied entering into "identical or substantially similar" contracts with other class members, he argues that the equitable claims remain viable until discovery has confirmed the existence of valid contracts relating to class members.

A plaintiff who fails to state a claim against a defendant may not assert that claim on behalf of a putative class.  Great Rivers Coop. of S.E. Iowa v. Farmland Indus., 120 F.3d 893, 899 (8th Cir. 1997) (plaintiff "is not and cannot be a class member because his claim is time barred; consequently, he cannot represent the class."); Jackson v. Fortis Benefit Ins. Co., 105 F. Supp. 2d 1055, 1063 (D. Minn. 2000) (plaintiff, "the only named class representative, is not competent to represent the putative class, because the Court has determined that her personal

4

claims fail as a matter of law."). Because Mitchell cannot sustain the equitable claims, the Motion for Judgment on the Pleadings is granted, and Counts III and IV are dismissed.

**B.      Motion to Strike Class Allegations**

The Second Amended Complaint contains allegations relating to class certification under Federal Rule of Civil Procedure 23. Franklin Bank now moves to strike the class allegations and advances several arguments in support its Motion. However, it is premature to determine whether the class allegations have merit. Mitchell has not been afforded time to complete discovery on class certification issues, and a more developed record is required before the Court can determine whether class certification is appropriate. Because Mitchell bears the burden of establishing the existence of the requirements for class action under Rule 23, he should have the opportunity to develop evidence on the certification elements. The Court therefore denies the Motion to Strike.

**CONCLUSION**

Counts III and IV of the Second Amended Complaint fail as a matter of law. Because Mitchell cannot seek relief for unjust enrichment and money had and received, he cannot represent a class on the equitable claims. However, the record is too sparse to determine whether class certification on the breach of contract claim is appropriate. Accordingly, **IT IS HEREBY ORDERED** that:

1.      Franklin Bank's Motion for Judgment on the Pleadings regarding Counts III and IV of the Second Amended Complaint (Docket No. 28) is **GRANTED**;

2.      Franklin Bank's Motion to Strike Class Allegations (Docket No. 31) is

**DENIED**; and

3.      Counts III and IV of the Second Amended Complaint are **DISMISSED with**

**prejudice**.


Dated: March 15, 2006

s/ Paul A. Magnuson
Paul A. Magnuson
United States District Court Judge